**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1354
_____

WILLIAM E. WALSH
Petitioner

v.

DIRECTOR OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; READING ANTHRACITE COMPANY; OLD
REPUBLIC GENERAL INSURANCE CORPORATION

_____

On Appeal from the Benefits Review Board
(BRB No. 20-0033 BLA)

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 7, 2022

(Filed: August 8, 2022)

Before: AMBRO, RENDELL, and FUENTES, *Circuit Judges*.

_____

O P I N I O N*
_____

RENDELL, *Circuit Judge*.

William E. Walsh petitions for review of a decision of the United States

Department of Labor Benefits Review Board ("BRB") affirming an Administrative Law

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Judge's ("ALJ") denial of his claim for benefits under the Black Lung Benefits Act ("BLBA"). Although Petitioner urges that the ALJ erred because her findings of fact were not supported by substantial evidence and because she failed to explain her decision adequately under the Administrative Procedure Act ("APA"), we disagree and, thus, we will deny the petition for review.

## I.

Petitioner was employed by Reading Anthracite Company as a coal miner. Petitioner developed pneumoconiosis or "black lung disease." Petitioner experienced symptoms such as chronic shortness of breath, which his primary care physician, Dr. Greco, opined was the result of his pneumoconiosis. Dr. Greco concluded that Petitioner would not be able to perform his usual duties as a coal miner and was totally disabled.

On April 8, 1991, Petitioner filed his first claim for benefits under the BLBA. On June 25, 1991, the district director of the Office of Workers' Compensation Programs ("OWCP") denied his claim. Petitioner then requested a formal hearing before an ALJ, who ultimately issued an order denying him benefits on November 30, 1992. The ALJ concluded that Petitioner failed to establish the presence of pneumoconiosis or that he was totally disabled. Petitioner appealed and sought remand so that he could modify his claim. The BRB granted his appeal and remanded his case.

Petitioner modified his claim on various occasions over the years. On December 7, 2016, the district director of the OWCP finally granted his claim for benefits. However, the employer appealed and requested a formal hearing before an ALJ to determine whether Petitioner had, indeed, established that he was totally disabled and, if

2

so, whether his total disability was caused by or substantially caused by his coal workers' pneumoconiosis.

To support his claim, Petitioner submitted, among other things, a pulmonary function study report and treatment notes from Dr. Greco, and an expert opinion by Dr. Prince. The employer provided, among other things, its own pulmonary function study report from Dr. Levinson, a blood gas study, and other medical records of Petitioner's treatment.

After reviewing the record, the ALJ denied Petitioner's claim. The ALJ concluded that although Petitioner established that he was totally disabled, he failed to establish that his total disability was caused by his pneumoconiosis, or that his pneumoconiosis was a substantially contributing cause of his total disability. The ALJ accepted Dr. Greco's conclusion that Petitioner suffered from various pulmonary ailments like chronic shortness of breath, but otherwise rejected his conclusion that his pulmonary ailments were the result of his coal workers' pneumoconiosis rather than some other condition. The ALJ further rejected the opinions of Dr. Levinson and Dr. Prince because he believed their opinions were not credible and merited "little probative weight." *Id*. at 36-37. Petitioner then appealed to the BRB.

On appeal, the BRB affirmed the ALJ's denial of Petitioner's claim. It agreed that that Petitioner failed to establish that his pneumoconiosis caused or substantially contributed to his total disability. Petitioner timely filed this petition for review.

3

## II.[1]

"Benefits are provided under the [BLBA] for or on behalf of miners who are totally disabled due to pneumoconiosis[.]" 20 C.F.R. § 718.204(a). "A miner shall be considered totally disabled due to pneumoconiosis if pneumoconiosis . . . is a substantially contributing cause of the miner's totally disabling respiratory or pulmonary impairment." 20 C.F.R. § 718.204(c)(1).

There is no dispute that Petitioner was totally disabled from a respiratory or pulmonary impairment.[2]  Instead, the parties dispute whether the ALJ erred in concluding that Petitioner failed to carry his burden of showing that his coal miner pneumoconiosis or "black lung disease" was "a substantially contributing cause" of his totally disabling respiratory or pulmonary impairment.  20 C.F.R. § 718.204(c)(1).  Petitioner argues that the ALJ erred in concluding that Petitioner did not establish causation because her conclusion was not supported by substantial evidence and was further not accompanied

---

[1] The Department of Labor had jurisdiction under the BLBA.  30 U.S.C. § 901. The BRB had jurisdiction under 33 U.S.C. § 921(b).  We have jurisdiction under 33 U.S.C. § 921(c).

We review findings of fact to determine whether they are supported by substantial evidence. *Hillibush v. U.S. Dep't of Lab.*, 853 F.2d 197, 202 (3d Cir. 1988).  "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Soubik v. Dir., Off. of Workers' Comp. Programs*, 366 F.3d 233 (3d Cir. 2004).  When supported by substantial evidence, we defer to an ALJ's findings of fact, which are conclusive. *Labelle Processing Co. v. Swarrow*, 72 F.3d 308, 313 (3d Cir. 1995).  "We exercise plenary review over . . . legal conclusions." *Soubik*, 366 F.3d at 233.

[2] During the pendency of this appeal, Petitioner passed away.  His death certificate listed "dementia" as the immediate cause of death.  Mot. for Leave to Am. Caption 3, CM/ECF No. 53.

4

by a sufficient articulation of her reasoning in violation of the APA. We reject both arguments.

## A.

First, Petitioner urges that the ALJ's determination was not based upon substantial evidence and that the BRB erred in its decision to affirm the denial of benefits. We disagree.

Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Soubik*, 366 F.3d at 233. Here, the ALJ reasonably rejected Petitioner's primary evidence of causation—Dr. Greco's opinion—because his conclusion that Petitioner's pulmonary issues were caused by his pneumoconiosis was inconsistent and unexplained. Without the benefit of Dr. Greco's opinion, Petitioner could not establish causation. Thus, the ALJ's decision was supported by substantial evidence, and we discern no error in her decision.

An "ALJ has broad discretion to determine the weight accorded each doctor's opinion." *Balsavage v. Dir. Off. of Workers' Comp. Programs*, 295 F.3d 390, 396 (3d Cir. 2002). And "[t]he ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences." *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986). Petitioner argues that the ALJ's decision was against the weight of an abundance of documentary evidence and, therefore, her decision is not supported by substantial evidence. The amount of evidence, however, is not determinative. *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 564 (1988)

(explaining that the term "substantial evidence" does not require "a large or considerable amount of evidence").

Here, the ALJ, in her discretion, weighed the evidence and permissibly concluded that Dr. Greco's opinion was credible only as to his determination that Petitioner was totally disabled. The ALJ otherwise rejected Dr. Greco's opinion regarding causation as not credible because it was inconsistent and unexplained. The ALJ observed that Dr. Greco initially opined that Petitioner's pulmonary symptoms were caused by his cardiovascular problems. The ALJ contrasted this initial opinion with Dr. Greco's later, and contradictory opinion, that Petitioner's pulmonary symptoms were caused not by his cardiovascular problems, but instead, by his coal worker's pneumoconiosis. The ALJ rejected this later opinion because Dr. Greco had not supported his changed opinion with sufficient explanation.

As Dr. Greco's opinion was inconsistent and unexplained, the ALJ was well within her discretion in rejecting his conclusion as to causation. Further, while the ALJ accepted Dr. Levinson and Dr. Prince's opinions as to Petitioner's total disability, the ALJ permissibly concluded that because both opinions were relatively unreasoned and unsupported by documentary evidence, they were entitled to little weight on the question of causation.

**B.**

Petitioner next claims that the BRB erred in affirming the ALJ's decision because the ALJ violated his due process rights under the APA by providing an insufficient explanation of her decision to deny benefits. We disagree.

6

Under the APA, "[t]he record shall show the ruling on each finding, conclusion, or exception presented. All decisions . . . are a part of the record and shall include a statement of findings and conclusions . . . on all the material issues of fact, law, or discretion presented on the record[.]" 5 U.S.C. § 557(c)(3)(A).

As we note above, in reaching her decision on Petitioner's claim, the ALJ explained each of her decisions regarding the evidence. She determined the relative credibility of experts and engaged in a meaningful weighing of the evidence. Indeed, she thoroughly reviewed the evidence and credited Dr. Greco, Dr. Prince, and Dr. Levinson's opinions as they related to Petitioner's total disability. Based on these opinions, the ALJ found Petitioner was totally disabled. But as she explained, the ALJ rejected these same opinions as they related to causation. We discern no error in her careful consideration of this evidence.

The ALJ demonstrated a similarly careful consideration of the voluminous documentary evidence submitted. She systematically reviewed the various medical reports and medical entries and found that this evidence failed to support a finding that Petitioner's pulmonary impairment was caused by his coal workers' pneumoconiosis or that his pneumoconiosis was a substantially contributing cause of his pulmonary impairment. Thus, we reject Petitioner's argument that the ALJ failed to explain her decision as required under the APA.

**III.**

For these reasons, we will deny the petition.

7